IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>BHR TRACK CASES<br>*Bouman v. Smith & Nephew, Inc.*, Civil No. CCB-17-2592<br>*Constantini v. Smith & Nephew, Inc.*, Civil No. CCB-17-1982<br>*Davis v. Smith & Nephew, Inc.*, Civil No. CCB-17-2617<br>*Franklin v. Smith & Nephew, Inc.*, Civil No. CCB-17-2560<br>*Jobe v. Smith & Nephew, Inc.*, Civil No. CCB-17-2624<br>*Kwatra v. Smith & Nephew, Inc.*, Civil No. CCB-17-2436<br>*Little v. Smith & Nephew, Inc.*, Civil No. CCB-17-2607<br>*Luvaas v. Smith & Nephew, Inc.*, Civil No. CCB-17-2548<br>*Schnick v. Smith & Nephew, Inc.*, Civil No. CCB-17-2406<br>*Smith-Clark v. Smith & Nephew, Inc.*, Civil No. CCB-17-2633<br>*Stoll v. Smith & Nephew, Inc.*, Civil No. CCB-17-2402<br>*Warner v. Smith & Nephew, Inc.*, Civil No. CCB-17-2385 |

*****

## **MEMORANDUM**

Pending before the court is Smith & Nephew's motion to dismiss 12 BHR track claims as time-barred under California law. For the reasons explained below, the court will grant Smith & Nephew's motion.

1

**BACKGROUND**

Smith & Nephew previously filed a motion to dismiss 55 BHR track cases as time barred. (ECF No. 795). With respect to the cases governed by California law, Smith & Nephew argued that each plaintiff's cause of action accrued no later than the date of his or her revision surgery. By the time each plaintiff filed a complaint, argued Smith & Nephew, California's two-year statute of limitations period had already elapsed. The court denied Smith & Nephew's motion without prejudice as to the California cases. (ECF Nos. 1190, 1191). The court noted that California's discovery rule may permit delayed accrual of the causes of action, and granted the plaintiffs leave to file amended complaints to reflect the time and manner of the discovery of their injuries.

The plaintiffs in the 12 cases subject to this motion (the "California plaintiffs") filed Amended Short Form Complaints ("ASFC").[1] Eleven ASFCs alleged that the plaintiffs did not have notice or information that the BHR device caused their injuries until September 10, 2015, the date of the recall, and one ASFC alleges that the plaintiff did not have information or notice until October 2017.[2] But all of the California plaintiffs allege that they contacted attorneys about potential legal claims *before* the date of the recall, either when they learned they needed revision surgery or shortly after the surgery was performed. Each California plaintiff alleges that he or she was told by attorneys that they were not investigating BHR devices.

---

[1] The plaintiffs are: Kathleen Davis, (ASFC, ECF No. 1339); Sheila R. Smith-Clark, (ASFC, ECF No. 1340); Sherri Lynn Jobe and Donnie Jobe, (ASFC, ECF No. 1341); Tanha Luvaas, (ASFC, ECF No. 1342); Bill Bouman, (ASFC, ECF No. 1346); Lydia Constantini, (ASFC, ECF No. 1347); Ellen Franklin and Richard Franklin, (ASFC, ECF No. 1348); Rodney D. Little, (ASFC, ECF No. 1351); Harpaul Kwatra and Ruchi Kwatra, (ASFC, ECF No. 1357); Deborah M. Schnick, (ASFC, ECF No. 1363); Sherry Stoll and Carmen Roundtree, (ASFC, ECF No. 1364); David Warner and Earla Warner, (ASFC, ECF No. 1365).
[2] Harpaul and Ruchi Kwatra's ASFC does not mention the BHR recall. Instead, Harpaul Kwatra alleges that he did not have notice or information that the BHR device caused his injuries until after a conversation with his revising physician in October 2017. (ECF No. 1357 at 2–3).

Smith & Nephew filed a motion to dismiss the California plaintiffs' cases. The court has heard oral argument, and the motion is fully briefed and ripe for review.

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A court may consider a statute of limitations defense on a motion to dismiss only "where the defense is apparent from the face of the complaint." *Wright v. U.S. Postal Service*, 305 F. Supp. 2d 562, 563 (D. Md. 2004).

## ANALYSIS

California law imposes a two-year statute of limitations period for personal injury actions. Cal. Civ. Proc. § 335.1. Pursuant to California's discovery rule, however, the statutory period is tolled until a plaintiff discovers, or reasonably should discover, that the defendant may be liable for her injury. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* at 920. To successfully claim delayed discovery, a plaintiff "must specifically

3

plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 920–21. To show time and manner of discovery, plaintiffs must "allege facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely." *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1324 (Cal. Ct. App. 2007) (internal quotations omitted).

The California plaintiffs claim that they did not have notice or information that the BHR device caused their injuries until the recall.[3] Accordingly, the California plaintiffs argue, the statute of limitations did not begin to run on their claims until September 10, 2015, and had not expired when they filed their complaints. Smith & Nephew counters that the statute of limitations began to run when each plaintiff contacted an attorney, which in each case was more than two years before the filing of a complaint. The viability of the California plaintiffs' claims thus turns on when the limitations period began: September 10, 2015, or on the earlier date when each plaintiff contacted an attorney.

"[A] limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the *facts* essential to his claim." *Gutierrez v. Mofid*, 39 Cal. 3d 892, 897 (1985) (emphasis in original); *see also Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1113 (1988) ("[I]t is the discovery of facts, not their legal significance, that starts the statute [of limitations.]"). A plaintiff knows, or should know, the facts essential to her claim when she has suffered "appreciable harm" and knows or suspects that the defendant may be responsible. *See Gutierrez*, 39 Cal. 3d at 898. Here, the California plaintiffs clearly suffered appreciable harm, as evidenced by their revision surgeries. It is also clear that, around

---

[3] The court acknowledges that Mr. Kwatra alleges a discovery date even later than September 10, 2015. However, as the court will explain, this allegation does not affect the analysis. For simplicity, the court will refer to the California plaintiffs collectively as alleging their date of discovery was September 10, 2015.

4

the time of the revision surgeries, the California plaintiffs suspected that the BHR device—and thus Smith & Nephew—was responsible for the harm. The California plaintiffs uniformly allege in the ASFCs that they contacted attorneys to determine whether they had legal claims related to the BHR device. That the California plaintiffs were suspicious enough to contact attorneys suggests that they knew, or should have known, the facts essential to their claims. *See Jolly*, 44 Cal. 3d at 1112–13 (holding that a plaintiff's suspicion that a particular drug caused her injuries triggered the statute of limitations).[4]

The California plaintiffs argue that because, in each case, the attorneys told the plaintiffs that they were not investigating BHR devices, the statute of limitations should be tolled. (Oral Arg. Hr'g Tr. at 22:12–16, ECF No. 1801). Not so. In *Gutierrez v. Mofid*, the California Supreme Court directly addressed the question of whether reliance on an attorney's advice relieves a plaintiff of her "duty of diligent inquiry imposed by her initial suspicions." 39 Cal. 3d at 897. The court held that it did not. As the *Gutierrez* court explained, "[i]t is irrelevant that the plaintiff is ignorant of his legal remedy . . . the fact that an attorney has not yet advised him does not postpone commencement of the limitations period." *Id.* at 898. Even "discouraging" advice from an attorney does not extend the limitations period. *Id.* Moreover, the California plaintiffs' claim that a diligent investigation would not have revealed a cause of action is unpersuasive. Indeed,

---

[4] The California plaintiffs rely on *Fox v. Ethicon Endo-Surgery* for the proposition that a plaintiff's ignorance of wrongdoing delays accrual of the statute of limitations. *Fox*, 35 Cal. 4th at 815. But *Fox* is distinguishable from this case. The plaintiff in *Fox* did not suspect that a defective stapler used in surgery could have been responsible for her injuries until depositions were taken in her medical malpractice claim. *Id.* at 805. In holding that the plaintiff could seek delayed accrual under the discovery rule, the California Supreme Court noted that "a diligent plaintiff's investigation may only disclose an action for one type of tort (e.g., medical malpractice) and facts supporting an entirely different type of tort action (e.g., products liability) may, through no fault of the plaintiff, only come to light at a later date." *Id.* at 814. Here, however, the California plaintiffs sought legal advice pertaining to the exact same claim they now pursue. They cannot plausibly claim complete ignorance of the facts underlying their cause of action until the date of the recall.

5

Smith & Nephew has been defending lawsuits related to the BHR device since *before* any of the California plaintiffs contacted an attorney.[5]

The California plaintiffs further claim that the court cannot determine whether their claims are time-barred at the motion to dismiss stage. They are mistaken. While it is true that a motion to dismiss "generally cannot reach the merits of an affirmative defense, . . . where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The court may properly reach an affirmative statute of limitations defense at the motion to dismiss stage if a complaint "sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." *Id*; *see also Wright*, 305 F. Supp. 2d at 563.

Despite the California plaintiffs' assertions to the contrary, the court can reach Smith & Nephew's statute of limitations defense here. On the face of the ASFCs, it is clear that each California plaintiff contacted an attorney about potential claims related to the BHR device more than two years prior to the filing of his or her complaint. Pursuant to California law, this demonstrates sufficient knowledge of a potential cause of action to trigger the limitations period. The court need not conduct a fact-intensive inquiry to determine when the California plaintiffs became suspicious that the BHR device caused their injuries, because the ASFCs plainly show that the plaintiffs were suspicious by the time they reached out to attorneys. Accordingly, the court finds that the California plaintiffs' claims are barred by the two-year statute of limitations.

---

[5] *See, e.g., Gale v. Smith & Nephew, Inc.*, 989 F. Supp. 2d 243 (S.D.N.Y. 2013); *Tillman v. Smith & Nephew, Inc.*, No. 12 C 4977, 2012 WL 6681698 (N.D. Ill. Nov. 1, 2012). Most of the California plaintiffs allege in their ASFCs that they contacted attorneys in 2014. The earliest plaintiff to contact an attorney was Rodney D. Little, who contacted attorneys in or around October 2012. (Little ASFC at 3, ECF No. 1351). Regardless, at least one lawsuit against Smith & Nephew related to the BHR device was pending at that time, *see Tillman*, 2012 WL 6681698, and Mr. Little had two years after his contact with an attorney to investigate his injury, during which time many additional lawsuits were filed.

## CONCLUSION

For the foregoing reasons, Smith & Nephew's motion will be granted. A separate order follows.

10/16/19
Date

/s/ CCB
Catherine C. Blake
United States District Judge